11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Keith Allan
Luster

Appellant

Vs.      
            No. 11-00-00382-CR  -- 
Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury
convicted Keith Allan Luster of the offense of burglary of a habitation with
the intent to commit theft.  Appellant
pleaded true to both enhancement allegations, and the jury assessed his
punishment at confinement for 50 years. 
We affirm.  

Appellant
presents four points of error on appeal. 
In the first two points, he challenges the legal sufficiency of the
evidence.  In the first point, he
contends that the evidence is insufficient to prove that he entered a
habitation with the intent to commit theft as defined in the Texas Penal
Code.  In order to determine if the
evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). 








The record
shows that the home of the complainant, Tracie Diane Walkup, was burglarized on
July 9, 2000.  The complainant and her
family were in the process of moving out of the house that was burglarized and
into another house that was about a quarter of a mile away.  On the afternoon of the burglary, the
complainant left her new house and went to the old house to feed her
horses.  She noticed a car Asuspiciously parked@ on the side of the road and got the license
plate number.  She passed the car and
drove down the road about a mile to turn around.  The car that she had noticed before had also turned around and
was parked in a bar ditch alongside of the complainant=s property. 
The driver was no longer in the car. 
The complainant waited there for about five minutes before driving to a
neighbor=s home to call the sheriff=s department.  She reported the license plate number of the Atrespasser,@ whom she could only describe as a black male.  She waited in the neighbor=s driveway for about 15 minutes and then went
on to her old house to feed the horses. 
She noticed that someone had broken into her home.  The back door was wide open, and pieces of
the door frame were on the floor.  The
complainant immediately went back to her neighbor=s house and reported the incident to the sheriff=s department.  According to the complainant, the break-in had just occurred
because, even though it was extremely hot outside, the house was still cool and
the air conditioner was still cycling.  

The
complainant testified that her home had been rummaged through and that her
camera and a few other miscellaneous items were missing.  At trial, the complainant identified her
camera bag, her camera, and her flash as items that had been taken from her
closet.  These items were introduced into
evidence as State=s
Exhibits Nos. 1, 2, and 3.  

The
complainant=s neighbor, Mary Rippetoe, corroborated the
complainant=s testimony regarding her part in the events
that transpired on the afternoon of the offense.  Rippetoe testified that the complainant came to her house to get
the phone number for the sheriff=s office.  Rippetoe was also
concerned about the now-abandoned vehicle. 
When the complainant left to go to her house, Rippetoe moved her pickup
to the front gate and parked so that she could keep an eye on the vehicle.  Rippetoe testified that, after about ten
minutes, someone walked up the road toward the car from the direction of the
complainant=s house. 
When she saw the person approaching, Rippetoe drove down the road and
parked Aclose enough behind the car that [she] could
see him.@  She
described the man as a black male wearing dark trousers and a dark shirt with Ashort-cropped@ black hair.  He was carrying a
small brown bag, which he tossed into his car. 
Rippetoe drove a little closer and asked the man to come over so she
could talk to him.  The man ignored her
and drove off toward Mineral Wells. 
Later that evening, she identified appellant as the man she had seen.  He was Awearing the same dark clothes.@  At trial, she also identified
appellant as the man she had seen. 
Rippetoe identified the bag that the man was carrying as being A[a]bout like@ State=s Exhibit No. 1, the complainant=s camera bag.  








Deputy
Bobby Walton testified that he responded to the burglary call, went into the
complainant=s home to investigate, and obtained
information from the complainant and the witness.  At the scene, he observed that the complainant=s back door had been forced open and that a
tennis shoe print was on the door. 
Deputy Walton took a picture of the shoe print.  He also obtained a latent fingerprint from
the door knob of the back door.  Shortly
after leaving the scene, he saw a vehicle matching the description that the
witnesses had given him and bearing the same license plate number.  Deputy Walton pulled in behind the vehicle
and walked up to it.  He noticed a
camera in a brown camera bag lying on the front floorboard of the passenger=s side of the car.  Deputy Walton identified appellant as the driver of the
vehicle.  He testified that appellant
was wearing black pants, a black shirt, and black tennis shoes.  After appellant consented to a search of the
vehicle, a camera case, a camera, and a flash were seized.  Deputy Walton identified State=s Exhibits Nos. 1, 2, and 3 as the items he
had seized.  Deputy Walton then took
appellant back to the scene and asked Rippetoe if she could identify him.  After requesting that appellant take off his
cap, Rippetoe identified him as the man she had seen earlier.  The tennis shoes that appellant was wearing
at the time he was apprehended were also introduced into evidence.  The print left on the complainant=s back door was consistent with appellant=s tennis shoes.  Furthermore, the partial latent print taken from the underside of
the complainant=s door knob was consistent with the
fingerprint from appellant=s right index finger.  However,
the fingerprint identification was not positive because only four or five --
rather than eight -- points of comparison matched exactly.  

We hold
that the evidence is sufficient to show that appellant entered the complainant=s home with the intent to commit theft.  The first point of error is overruled.  

In the
second point, appellant=s legal sufficiency challenge is based on a variance between the proof
and the charged offense.  The indictment
charged appellant with entering the habitation Awith intent to commit the felony offense of theft.@  The
jury was instructed to find appellant guilty if he entered the habitation Awith intent to commit the felony of theft.@  A
person commits the offense of burglary of a habitation if he enters a
habitation without the consent of the owner and with the intent to commit Aa felony, theft, or an assault.@  TEX.
PENAL CODE ANN. ' 30.02 (Vernon Supp. 2002).  Although the evidence does not show that
appellant entered the house with the intent to commit felony theft as opposed
to misdemeanor theft, we hold that the variance is not fatal.  








Such a
challenge to the sufficiency of the evidence shall be measured by the elements
of the offense as defined by the hypothetically correct jury charge for the
case.  Gollihar v. State, 46 S.W.3d 243,
253 (Tex.Cr.App.2001); Malik v. State, 953 S.W.2d 234 (Tex.Cr.App.1997).  In Gollihar, the court held that Aa hypothetically correct charge need not
incorporate allegations [from the indictment] that give rise to immaterial
variances@ and that, when faced with a challenge to the
sufficiency of the evidence based upon a variance between the indictment and
the proof, Aonly a >material= variance will render the evidence
insufficient.@ 
Gollihar v. State, supra at 256-57. 
The court in Gollihar also reaffirmed the fatal variance doctrine
and adopted the following materiality test to determine whether a variance is
fatal: 

A variance
between the wording of an indictment and the evidence presented at trial is
fatal only if "it is material and prejudices [the defendant's] substantial
rights."   When reviewing such a
variance, we must determine whether the indictment, as written, informed the
defendant of the charge against him sufficiently to allow him to prepare an
adequate defense at trial, and whether prosecution under the deficiently
drafted indictment would subject the defendant to the risk of being prosecuted
later for the same crime.  

Gollihar v. State, supra
at 257, (quoting United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)).

In this
case, although there is a variance between the charged offense and the proof at
trial, the variance is not fatal because it does not meet the materiality
test.  The indictment was sufficient to
inform appellant of the offense and to avoid the risk of double jeopardy.  See Fuller v. State, 73 S.W.3d 250
(Tex.Cr.App.2002); Gollihar v. State, supra. 
There is no distinction between felony theft and misdemeanor theft as
far as the offense of burglary is concerned. 
Section 30.02 provides that it is a second degree felony to enter a
habitation with the intent to commit theft, regardless of whether the theft
would be classified as a felony or a misdemeanor.  Since the Afelony@ allegation was not material and was not
supported by the evidence, the hypothetically correct jury charge for the case
need not have included it.  We hold that
the evidence is sufficient to support appellant=s conviction.  The second point
of error is overruled.  

In the
third point, appellant complains that his rights were violated by the pretrial
identification procedure used in this case and by the in-court identification
of appellant in this case.  However, appellant
did not make any such objections in the trial court and, consequently, did not
preserve this complaint for review. 
Perry v. State, 703 S.W.2d 668 (Tex.Cr.App.1986).  The third point of error is overruled.  








In his
final point, appellant contends that he was denied the right to effective
assistance of counsel at trial.  Under
this point, appellant argues that counsel was ineffective in the following
ways: failing to file a motion to suppress the identification testimony,
failing to object to the jury charge, failing to object to the introduction
into evidence of the items allegedly stolen, failing to object to the
fingerprint evidence, failing to object to evidence regarding the shoe print,
failing to object to the jury argument in which the prosecutor misstated the
identification testimony, failing to ask the witnesses about the other items
allegedly stolen, failing to object to the jury argument in which the
prosecutor stated that the jury could convict appellant solely on the inference
drawn from his recent possession of the stolen property, and failing to file a
motion to Aformalize the first view@ of appellant by the identification witness
or a motion for new trial.  

In order
to determine whether appellant=s trial counsel rendered ineffective assistance at trial, we must first
determine whether appellant has shown that counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App.1986).  In assessing counsel=s performance, we must make every effort to
eliminate the distorting effects of hindsight, to reconstruct the
circumstances, and to evaluate the conduct from counsel=s perspective at the time.  We must indulge a strong presumption that
counsel=s conduct fell within the wide range of
reasonable professional assistance; and appellant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound
trial strategy.  Stafford v. State, 813
S.W.2d 503, 508‑09 (Tex.Cr.App.1991). 
Appellant is not entitled to perfect or error‑free counsel.  Isolated instances of errors of omission or
commission do not render counsel=s performance ineffective. 
McFarland v. State, 845 S.W.2d 824 (Tex.Cr.App.1992), cert. den=d, 508 U.S.
963 (1993). 








First,
trial counsel was not ineffective for failing to object to the identification
testimony, to the admission of the stolen items, or to the evidence regarding
the fingerprint and shoe print.  The failure
to object to admissible evidence does not constitute ineffective
assistance.  McFarland v. State, supra
at 846.  Although appellant was subjected to a widely condemned Aone man showup,@ Rippetoe=s
identification of appellant was admissible at trial.  See Pace v. State, 986 S.W.2d 740, 744-45 (Tex.App. ‑ El
Paso 1999, pet=n ref=d), and the authorities cited therein. 
We note that the credibility of Rippetoe=s identification testimony was attacked by trial counsel during
cross-examination and jury argument. 
The camera and accessories were also admissible.  The complainant testified that these items
belonged to her and that they had been stolen from her house.  Deputy Walton identified the items as the
ones that he seized from the vehicle appellant was driving.  The evidence regarding the latent
fingerprint and the shoe print was also admissible.  The prints were located at the scene of the crime.  Testimony, though not definitive, indicated
that the prints were consistent with appellant=s fingerprint and shoe.  

Furthermore,
we cannot say that trial counsel was ineffective for failing to object to the
jury charge or the State=s jury argument.  The jury
charge contains no material errors.  The
prosecutor=s jury argument was not improper under the
standards set forth in Cantu v. State, 842 S.W.2d 667, 690 (Tex.Cr.App.1992), cert.
den=d, 509 U.S. 926 (1993).  Contrary
to appellant=s assertion, the prosecutor did not inform
the jury that it could infer appellant=s guilt solely from his possession of recently stolen property.  

Finally,
we cannot determine from the record before us that trial counsel was
ineffective in failing to question the witnesses regarding additional items
that were allegedly stolen from the complainant=s home; in failing to Aformalize the first view@ of appellant by Rippetoe; or in failing to file a motion for new trial
which, according to appellant, Awould have permitted the record to reflect many matters not currently
appearing therein.@  We hold that appellant received reasonably
effective assistance of counsel at trial. 
Appellant has not shown that trial counsel=s performance fell below an objective standard of reasonableness.  The fourth point of error is overruled.  

The
judgment of the trial court is affirmed. 


 

JIM R. WRIGHT

JUSTICE

August 29, 2002

Publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.