Rodney Joel PERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 491–84.

Court of Criminal Appeals of Texas, En Banc.

Feb. 5, 1986.

Connie B. Williams, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and James C. Brough and John Kyles, Asst. Dist. Atty's., Houston, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Rodney Joel Perry, hereinafter referred to as the appellant, was convicted by a jury of the offense of aggravated robbery. The facts show that the complaining witness, who was the manager of a 7–11 Store in Baytown, was robbed at knife point by the appellant. The trial judge assessed punishment at five years' confinement in the Department of Corrections.

On direct appeal, the Houston [First] Court of Appeals, on its own motion, after concluding that a suggestive pretrial photographic spread had been conducted by a Baytown police officer, reviewed the issue of what effect this had upon the in court identifications that were made of the appellant by prosecution witnesses, which included the complainant. It concluded that such was fundamental error and reversed. *Perry v. State*, 669 S.W.2d 794 (Tex.App.— Houston [1st] 1984).

The basis for the conclusion that was reached by the court of appeals lies in the fact that a photograph depicting the appellant wearing a 7–11 Store type of shirt or jacket was shown to the State's witnesses several weeks after the robbery, which, as noted, occurred inside of a 7–11 Store. The record reflects that without objection one of the State's witnesses identified the photograph as being that of the person she saw in the store, at which time the complaining witness was then bound in a store room located in the back of the store. The same witness, again without objection, also made an in court identification of the appel-

lant as being the same person she had seen in the store. Although the complaining witness could not identify the photograph, he also, without objection, made an in court identification of the appellant as the individual who had robbed him.

This Court granted the petitions for discretionary review that were filed on behalf of the State by the District Attorney of Harris County and the State Prosecuting Attorney in order to consider and determine, inter alia, whether the court of appeals correctly held that even though the appellant did not complain or object in the trial court, either to what it found was suggestive pretrial investigative identification procedure or the in court identifications, as a matter of law, such error was not waivable by the appellant. We agree with the State that the court of appeals erred in holding that what it found was error was not waivable by the appellant's failure to object or complain in the trial court.

Notwithstanding our disagreement with the court of appeals' holding, we also hold that the court of appeals did not err in reviewing the issue as unassigned error.

In *Carter v. State*, 656 S.W.2d 468 (Tex. Cr.App.1983), this Court reviewed the decision of the Dallas Court of Appeals in *Carter v. State*, 639 S.W.2d 13 (Tex.App. 1982), which had held that it had jurisdiction to make the determination whether the indictment in that cause was fundamentally defective, and also had the inherent authority to review such issue as unassigned error. It concluded that the indictment in that cause was in fact a nullity and ordered the conviction reversed. This Court affirmed the judgment of the court of appeals, holding that "After jurisdiction attaches to a particular cause, a broad scope of review and revision has been asserted by appellate courts of this State (footnote omitted)—one that is still recognized, acknowledged and confirmed by the Legislature. Thus Article 44.24(b) alludes to appellate judgments and orders 'as the law and nature of the case may require,' and Article 44.25 to reversals 'as well upon the

law as upon the facts.' For a comparison with former articles see *Doyle v. State*, 631 S.W.2d 732 (Tex.Cr.App.1982) (Clinton concurring) notes 5 and 6 and accompanying text. So, even though enabling legislation is not needed, we have it." (469–470).

■ Thus, we agree with the court of appeals that it had both jurisdiction and authority to review as unassigned error the issues whether there was suggestive pretrial investigative identification and, if so, whether this tainted the in court identifications to such an extent that it deprived the appellant of a fair and impartial trial. However, for reasons soon to be stated, we are unable to agree with the court of appeals' conclusion that the error, if any, could not be waived by the appellant's failure to complain or object in the trial court.

■ The failure of the appellant to complain or object in the trial court constitutes a procedural default under our law. We also find that the appellant has not shown or established that he had any cause, justification, or excuse for not challenging or objecting in the trial court to the out of court identification procedure or the in court identifications that were made of him by the witnesses for the prosecution.

Just recently, Circuit Judge Reavley of the Fifth Circuit Court of Appeals, in *Stokes v. Procunier*, 744 F.2d 475, 481 (5th Cir.1984), correctly pointed out that in the context of improper identification, in order to obtain review on appeal in Texas, it is necessary that the defendant must first complain or object in the trial court, and, if he does not, his complaint will be deemed waived on appeal:

[W]e note that Texas courts stringently apply the contemporaneous objection rule in the context of improper identification. Without an objection to an in-court identification or to testimony based on an impermissibly suggestive identification procedure, no error is preserved. See, e.g., *Johnson v. State*, 504 S.W.2d 493, 495 (Tex.Crim.App.1974) (no objection to testimony by victims who identified defendant soon after robbery);

*Pete v. State,* 501 S.W.2d 683, 686–87 (Tex.Cr.App.1973); cert. denied, 415 U.S. 959, 94 S.Ct. 1488, 39 L.Ed.2d 574 (1974); *Hall v. State,* 490 S.W.2d 589, 592 (Tex. Cr.App.1973) (No objection to in-court identification by witness who had been shown only one photograph); *Phillips v. State,* 488 S.W.2d 97, 99 (Tex.Crim.App. 1972) (no objection to testimony by witness who had identified defendant in one-on-one confrontation),

The Court also held: "As Stokes [the petitioner] has failed to show that we should excuse his procedural default, we hold that it bars our review of his claim on the merits."

In this instance, we find and hold that the failure of the appellant to complain or object in the trial court about the out of court identification procedure or the in court identifications constituted a procedural default under our law, and, by failing to complain or object, for purposes of appeal, he waived the error.

In this instance, not only did the appellant fail to object or complain in the trial court about the out of court identification procedure or the in court identifications, he has also failed to show any justification, cause, or excuse for his failure to complain or object in the trial court. Thus, he waived the error, if any, on appeal. It is thus unnecessary for us to address whether such omission was actually prejudicial to his case.

The court of appeals erred in holding that the error, if any, was not waivable by the appellant's failure to object or complain in the trial court.

In holding that the error could not be waived by the appellant's failure to object or complain in the trial court, the court of appeals relied upon this Court's decision of *Caballero v. State,* 587 S.W.2d 741 (Tex.Cr. App.1979). The court of appeals stated the following: "In very rare instances, an error in admitting evidence will be so clear and so prejudicial that it is subject to review on appeal, despite the failure of the defense to object at trial. See, *Caballero*

*v. State,* 587 S.W.2d 741 (Tex.Cr.App. 1979)." (801).

In *Caballero v. State,* supra, this Court was confronted with a violation of Art. 46.02, Section 3(g), V.A.C.C.P., which provides: "No statement made by the defendant during the examination or hearing on his competency to stand trial may be admitted in evidence against the defendant on the issue of guilt in any criminal proceeding." In *Caballero,* supra, the State had admitted into evidence, without objection, a statement of a psychologist who had examined the appellant prior to trial. This Court held that such was "clearly error", and that "the error cannot be waived because the statute is too clear and absolute to be held subject to waiver," (743). However, this Court also held that the error was harmless because the defendant had confessed to the same facts as were testified to by the State's witnesses.

We believe that to appreciate the above statement that this Court made in *Caballero,* supra, that the error could not be waived by a failure to object, also see *Ballard v. State,* 519 S.W.2d 426 (Tex.Cr.App. 1975); *Smith v. State,* 502 S.W.2d 814 (Tex.Cr.App.1973); *Brandon v. State,* 599 S.W.2d 567 (Tex.Cr.App.1980); *Callaway v. State,* 594 S.W.2d 440, 443 (Tex.Cr.App. 1980); *Ex parte Hagans,* 558 S.W.2d 457 (Tex.Cr.App.1977); *Penry v. State,* 691 S.W.2d 636 (Tex.Cr.App.1985), it is necessary to review why this is so.

Art. 46.02, supra, is the statutory law of this State that determines when a defendant is incompetent to stand trial and, if he is found to be incompetent, the consequences thereof. The statute expressly prohibits the admission into evidence at the guilt stage of the trial any statement made by the defendant during an examination ordered by the court or a hearing on the defendant's competency to stand trial. See Section 3(g) of the statute.

■ This statutory prohibition is to be distinguished from the actual competency hearing itself, which should be conducted "uncluttered by evidence of the offense itself. Such separate uncluttered hearing

before a jury makes it easier to determine fairly the issue of competency without introducing facts which might *tend to cloud* the issue at hand, 'facts which alone might well so *stir the minds of the jury* as to make difficult the exercise of calm judgment upon the question of present [competency]'." *Ex parte Hagans,* supra, quoting from *Ramirez v. State,* 92 Tex.Cr.R. 38, 241 S.W. 1020 (Tex.Cr.App.1922). Also see *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Townsend v. State,* 427 S.W.2d 55 (Tex.Cr.App.1968). Although a competency hearing is a separate and independent hearing before a different jury than the one on the trial on the merits, see *White v. State,* 591 S.W.2d 851 (Tex.Cr.App.1979), the hearing itself, although not a "trial" in the true meaning of that word, is, nevertheless, subject to the same evidentiary rules that govern a trial on the merits.

However, when it comes to prohibiting the admission in evidence at the guilt stage of the trial statements that a defendant made during the examination or hearing on his competency to stand trial, we find that there is a far greater reason why such is prohibited as a matter of law.

In making the determination whether an accused person is legally incompetent to stand trial, i.e., whether he has (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him, it is extremely important that the defendant should be free to make any statement to the examiner that will enable that person to reach the proper conclusion. This, of course, will encompass statements by the defendant that might relate to the details of the criminal offense for which he is charged with committing; statements about his past life; statements that pertain to any disorders the defendant might be suspected of having; statements about his schooling; statements about his past employment; statements about any military service, etc, any of which might be extremely damaging or incriminating on the issue of the defendant's guilt.

■ In mandating that "no statement made by the defendant during the examination or hearing on his competency to stand trial may be admitted in evidence against the defendant on the issue of guilt in any criminal proceeding," we believe that it was the intention of the Legislature that without any limitations or restrictions there would be free discussion on the part of the defendant when he is examined to determine his competency to stand trial and that such would occur without any fear on the part of the defendant that any statement that he might make would be used against him at the guilt stage of the trial. A clear reading of the statute makes it obviously clear that it actually amounts to a Legislative grant of use or testimonial immunity to any statement that the defendant might make to the examiner or to any statement that he might make during the hearing.

By granting the defendant the equivalent of use or testimonial immunity to any statement that he might make to the examiner or at the hearing on competency, it was unnecessary for the Legislature to enact a procedure that might govern what would take place during the examination, cf. Art. 38.22, V.A.C.C.P., and this Court has not seen fit to interpret the statute in such a fashion that a procedure is required. Cf. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), in which the Supreme Court mandated that when the issue is raised on the admissibility of a defendant's confession, a hearing outside of the presence of the jury must be conducted.

■ A factual hearing outside the presence of a jury on the issue whether there was pretrial investigative identification suggestiveness, and, if so, whether such might have tainted the anticipated in court identification is not constitutionally required, and, in the absence of a request by the defendant, the trial court is under no obligation to conduct an evidentiary hearing on identification out of jury's presence, see Sobel, *Eyewitness Identification: Legal and Practical Problems* (1985 Revision).

However, in *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr.App.1969), this Court recommended the following procedure, "once the in-court identification of the accused is sought to be introduced and the trial court is apprised that the identification is questioned on the basis of a prior police station or lineup identification":

[U]pon motion of the defense counsel a hearing should be held outside the presence of the jury. The issue of admissibility should be determined before such evidence is placed before the jury. Should the court, at such hearing, determine that such identification at the police station or elsewhere was violative of the Wade and Gilbert mandates or of due process, then the prosecution is precluded from offering any evidence of such identification before the jury ... For the purposes of appellate review, it would be better practice for the court to enter written findings or to state into the record following such hearing his reasons for admitting such evidence, if he does.

We find and hold that the above suggested procedure is more than adequate to give an accused, who desires to complain about either pretrial identification procedures or anticipated in court identifications, the opportunity to complain or object before the jury hears any evidence that might go to either out of court or in court identification.

■ Although an accused person has the constitutional right to identification by due process and due course of law, and the identification process, either out of court or in court, should be as fair and reasonable as possible, nevertheless, if he fails to formally or informally complain, either orally or in writing, prior to when such testimony is elicited about either of the identifications, he has waived any complaint, unless he establishes on the record why his failure to complain or object should be excused. See the above cases and the cases collated under *West Criminal Law Digest Key* 1036.1(7). In this regard, we point out that

no procedural principle is more familiar to appellate courts of this Nation than that a constitutional right may be waived or forfeited by the failure to make timely assertion of the right. E.g., Antieau, *Modern Constitutional Law*, Sections 5:102 and 15.13.

In this instance, neither trial counsel for the appellant nor the appellant himself ever complained either pretrial or during the trial about either the pretrial or the in court identifications, nor did his counsel make any complaint on appeal, either directly or indirectly, about the pretrial or the in court identifications, and there is no evidence in the record on appeal that might justify or excuse such omissions.

For all of the above reasons, we hold that the court of appeals erred in holding that the error, if any, could not be waived because the appellant did not object or complain in the trial court.

Lastly, we observe that the court of appeals did not directly address the appellant's third ground of error, "The evidence was insufficient to prove beyond a reasonable doubt that appellant was the person that committed the offense." We will do so and will overrule the ground of error.

■ Notwithstanding that we agree with the court of appeals' conclusion that there was possibly pretrial investigative suggestiveness in this cause, resulting from the fact that the robbery occurred inside of a 7–11 Store and the fact that the State's witnesses were shown a photograph of the appellant that depicted him wearing a 7–11 Store type of shirt or jacket, we also find that the unobjected to evidence that was presented to the jury is more than sufficient to sustain the verdict of the jury. We also find and hold that any rational trier of fact could have also so found.

The unobjected to testimony reflects that prior to trial, one of the State's witnesses positively identified the appellant's photograph as being one and the same person that she saw in the store on the day that the complaining witness was robbed. Without objection, the witness also made a

positive in court identification of the appellant as being that person. Although the complaining witness was unable to identify the appellant's photograph as being that of the individual who robbed him, without objection, he, too, made a positive in court identification of the appellant as being the individual who robbed him. The evidence is clearly sufficient to sustain the verdict of the jury. Appellant's third ground of error is overruled.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

ONION, P.J., and CAMPBELL, J., CONCUR.

CLINTON, J., dissents.