No. 04-00-00859-CR



Jesus CRUZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court No. 1998-CR-6014


Honorable Sam Katz, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Paul W. Green, Justice


Delivered and Filed: November 14, 2001

 

AFFIRMED

 Jesus Cruz ("Cruz") was convicted by a jury of murder and attempted capital murder. Cruz
appeals, asserting that the evidence is legally and factually insufficient to support his conviction.
We affirm the trial court's judgment.



Background


 Michael Newhouse ("Newhouse") was killed and Benjamin Poehlman ("Poehlman") was
paralyzed when the car they were in was shot at by passengers in another car. Kathleen and Dennis
Wuest were traveling behind the cars when the shots were fired and were witnesses to the crime.

 Newhouse was driving north on a three-lane highway. Shauna Hilburn ("Hilburn") was in
the front passenger seat, Isaac Cardenas ("Cardenas") was in the back passenger seat behind Hilburn,
and Poehlman was in the back passenger seat behind Newhouse. The four occupants of the car were
smoking marijuana and drinking alcohol.

 Kathleen and Dennis Wuest also were traveling north in the middle lane of the highway.
Newhouse was driving in the right lane beside the Wuests. A car pulled in front of the Wuests,
requiring Dennis to rapidly brake to avoid hitting it. Herman Hernandez, Jr. ("Hernandez") was later
identified as the owner of the car. When Dennis braked, Newhouse's car pulled ahead adjacent to
Hernandez's car. 

 Cardenas testified that he saw the people in Hernandez's car staring at them. He told
Poehlman, who also looked at the car. Both Poehlman and Cardenas saw three males in the car as
it pulled along side of them. Poehlman saw a gun and shouted at the others. Poehlman could not
recall if the person in the front passenger seat or the back passenger seat had the gun. Cardenas
stated that he saw a gun come out of the back passenger window, but he heard two different guns
being fired based on the noise of the shots. The Wuests also testified that a gun came out of the back
right passenger window. Although Kathleen testified that three people were in Hernandez's car,
Dennis could only positively state that the car contained the driver and a back seat passenger.

 Hilburn told Cardenas that she saw Eric Quesada ("Quesada") in Hernandez's car. Kathleen
stated that the person in the back right passenger seat was of medium build, had short dark hair, and
his arm was light complected - either Hispanic or light African American. On cross-examination,
Kathleen admitted that she had described the arm as dark complected in her statement. Kathleen also
admitted that Cruz's arm was not dark complected. Hilburn, Cardenas, and Poehlman also identified
the back passenger as dark complected.

 Officer Anita Seamans was assigned to investigate the shooting. Hernandez's car was
subsequently stopped, and Hernandez admitted that he was driving the car when the shooting
occurred. Based on her investigation, Officer Seamans identified Hernandez, Quesada, and Cruz as
possible suspects. 

 Officer Seamans located a nine millimeter casing lodged between the spoiler and the trunk
of Hernandez's car. Officer Seamans also collected bullets from the victim's car and several shell
casings from the highway where the shooting occurred. Eventually, Officer Seamans showed
Hilburn, Cardenas and Poehlman line-ups containing photos of Quesada and Cruz. Hilburn
identified Quesada as the person in the right front passenger seat of Hernandez's car, and she
identified Cruz as the person in the back right passenger seat. Hilburn did not know if the gun came
through the front passenger or back passenger window. Although Officer Seamans received
information that another suspect, Dion Adams was in the car at the time of the shooting, she did not
believe that information even after Adams gave a statement indicating that he had been in the car due
to the timing of the information. Hilburn stated that she had heard that Adams was claiming to have
been in the car; however, Hilburn testified that only three people were in the car, and she could not
identify Adams from a photograph. 

 Detective Martin Tobin testified that he searched Quesada's room and found fifty-seven spent
nine millimeter shell casings. Edward Love, a firearm and toolmark examiner, testified that fifty-four of the shell casings found in Quesada's room were fired from the same firearm as nine of the
shell casings located on the highway and the shell casing found on Hernandez's vehicle. In addition,
the bullets found in the victim's car matched the bullets removed from the victim's body. Love
concluded that at least ten of the bullets were fired from a Smith & Wesson Sigma and two of the
bullets were fired from a Tec-9 or AA Arms.

 Standard of Review


 In reviewing the legal sufficiency of the evidence, we view the evidence in the light most
favorable to the prosecution to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979). All of the evidence in the record is considered, both direct and circumstantial, whether
admissible or inadmissible. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). In our
factual sufficiency review, we must consider all of the evidence to determine whether the judgment
is "so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust." Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The trier of fact is required to evaluate the
credibility and demeanor of the witnesses and to determine the weight to be given contradictory
testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). We are not permitted
to reweigh the evidence, rather we defer to the trier of fact's findings, particularly those based on
credibility determinations. Id. at 407-09.



Discussion


 Cruz did not object to Hilburn's identification either orally or in writing before Hilburn's
testimony was elicited about the identification. Therefore, any objection regarding the admissibility
of Hilburn's identification was waived. See Perry v. State, 703 S.W.2d 668, 673 (Tex. Crim. App.
1986); Bledsoe v. State, 21 S.W.3d 615, 621 (Tex. App.--Tyler 2000, no pet.).

 Hilburn identified Cruz as the back seat passenger. The Wuests and Cardenas all stated that
the back seat passenger extended his arm from the window holding a gun. Love testified that shots
were fired from two different guns. This evidence is legally and factually sufficient to convict Cruz.
 Although conflicting evidence was presented, including the possibility that Adams was in the car,
and although the credibility of Hilburn and Cardenas was challenged because they were smoking
marijuana and drinking alcohol, we are not permitted to reweigh the evidence but must defer to the
jury's findings in evaluating the credibility of the witnesses. Cain v. State, 958 S.W.2d at 407-09.

Conclusion


 The trial court's judgment is affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH