Opinion issued July 15, 2004























In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01139-CR
____________
 
PETE DE LA GARZA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 943359
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Pete De La Garza, guilty of the offense of aggravated
assault and assessed his punishment at confinement for 18 years. In his sole point of
error, appellant contends that the trial court erred in admitting an in-court
identification against him in violation of his constitutional rights to due process


 and
due course of law.


 We affirm.
Facts
          Miguel Santillane, the complainant, testified that he was employed as a truck
driver and that on the evening of November 10, 2002, he dropped off “a load” at a
truck yard located on Wallisville road in Houston. Thereafter, he telephoned a friend,
Gerardo Soliz, who agreed to come and pick him up. When Soliz arrived at the truck
yard, he and the complainant inspected the complainant’s truck because, while
driving it, the complainant had noticed “a little sound that didn’t sound right.” 
However, Soliz and the complainant were unable to determine where the sound was
coming from, and they gave up looking after approximately 30 minutes because they
were being bitten by mosquitoes. The complainant and Soliz then left the truck yard
in Soliz’s car.
          While driving eastbound on Wallisville road, Soliz, who was comparing his
mosquito bites to the complainant’s, swerved his car into an adjacent traffic lane and
then moved it back into the lane in which he had been previously driving. Appellant,
who was driving a pickup truck in the same direction on Wallisville road, saw Soliz
swerve into the other lane. Thereafter, appellant sped up, drove past Soliz’s car, and
then twice swerved his truck into the lane in which Soliz was driving. Soliz and
appellant subsequently pulled their vehicle’s alongside each other at a traffic light.
          While they were stopped at the light, appellant rolled down the window of his
truck and asked the complainant whether he “had a problem.” The complainant
responded, “No, no. Why? Do you?” When the light turned green, appellant and
Soliz continued driving in the same direction. After they both turned right onto
Federal road, Soliz and appellant again pulled their vehicle’s alongside each other at
a traffic light. At this light, appellant, addressing the complainant, stated, “Didn’t I
tell you if you had a problem.” The complainant responded, “[N]o, I don’t; no, I
don’t; why? Do you?” Thereafter, appellant stared at the traffic light and waited for
it to change color. When the light turned green, appellant reached down, picked up
a handgun, and fired a single shot into the front passenger side door of Soliz’s car. 
Appellant then drove away from the traffic light.
          At this point, the complainant, using his cellular phone, called for emergency
assistance. When he told the emergency assistance operator what had happened, the
operator instructed the complainant to attempt to get the license plate number of the
truck, but to “stay back, if possible.” Soliz and the complainant then followed
appellant, and, after approximately 10 or 15 minutes, the complainant was able to
write down the license plate number of the truck. Thereafter, Soliz and the
complainant drove to meet with an officer from the Houston Police Department.
          Houston Police Department Sergeant R. Torres testified that, as the officer in
charge of investigating the shooting, he performed a computer check of the license
plate number of the truck and learned that it was registered to appellant’s wife,
Priscilla De La Garza. When Torres contacted her, she told Torres that, in November
2002, “she and her husband would have been the only two people driving” the truck. 
After obtaining a copy of appellant’s “jail photo,” Torres compiled a photographic
array consisting of a photograph of appellant and photographs of five other men. 
When Torres showed the array to the complainant, the complainant identified
appellant as the shooter.
Impermissibly Suggestive Pretrial Identification
          In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress the complainant’s in-court identification of him as the shooter
because the content of the photographic array was impermissibly suggestive. He
asserts that the array was impermissibly suggestive because (1) he was the only
person in the array who had “a visible tattoo,” (2) his photograph “[was] a close up,
while at least three of the other photographs [were] taken from further away,” (3) “at
least four of the five other photographs [were] considerably lighter” than his
photograph, and (4) his photograph “makes him appear larger and heavier than any
of the other men pictured in the array.”
          To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection or motion, stating the specific grounds for
the ruling he desired the court to make if the specific grounds were not apparent from
the context. Tex. R. App. P. 33.1(a)(1)(A). Here, appellant did not file a pretrial
motion to suppress the complainant’s identification of him as the perpetrator of the
shooting. Moreover, appellant did not object at trial when the complainant actually
identified him in court as the perpetrator of the shooting. In fact, appellant waited
until the State attempted to introduce the photographic array into evidence, during
Sergeant Torres’s testimony, before he stated as follows: “I would object to and I
think that because the only person that has - - the only person that has a teardrop on
there is [appellant]. At this time I’m going to make a [m]otion to [s]uppress the photo
spread.” Accordingly, we hold that appellant has waived any error. See Perry v.
State, 703 S.W.2d 668, 670 (Tex. Crim. App. 1986) (noting that “[w]ithout an
objection to an in-court identification or to testimony based on an impermissibly
suggestive identification procedure, no error is preserved.”).
          We overrule appellant’s sole point of error.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).