Affirmed and Memorandum Opinion filed March 28, 2006









Affirmed and Memorandum Opinion filed March 28, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00315-CR

_______________

 

CLARENCE DEWAYNE JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 981,059

________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Clarence Dewayne Jackson, appeals a conviction for
aggravated robbery.  In two issues,
appellant contends that (1) the evidence is legally and factually insufficient
to support his conviction, and (2) the trial court erred by admitting the
complainant=s identification of appellant.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








I. 
Background

On February 25, 2004, a man later identified as appellant
entered a locally owned grocery store with the ostensive purpose of purchasing
a box of crackers and some summer sausage. 
The owner of the store, the complainant, totaled appellant=s purchases on the cash
register.  As soon as the cash drawer
opened, appellant held a gun to the complainant=s head and demanded money.  The complainant gave the man about five
hundred dollars of cash.  As appellant
exited the store, the complainant fired a shot at appellant with his .38 caliber
revolver.  Appellant fired back, and
several gun shots were exchanged before appellant escaped in a white, four-door
vehicle.  A jury convicted appellant of
aggravated robbery and assessed punishment at thirty-eight years= imprisonment.

II. 
Sufficiency of the Evidence

In his first issue, appellant contends that the evidence is
legally and factually insufficient to support his conviction for aggravated
robbery.

A.        Legal
Sufficiency

In reviewing the evidence for legal sufficiency, we view all
evidence in the light most favorable to the verdict in order to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Ross v. State, 133 S.W.3d
618, 620 (Tex. Crim. App. 2004).  We must
defer to the fact finder=s judgment as to the weight and credibility of the evidence,
and resolve any inconsistencies in favor of the verdict.  See Margraves v. State, 34 S.W.3d 912,
919 (Tex. Crim. App. 2000); Cury v. State, 30 S.W.3d 394, 406 (Tex.
Crim. App. 2000).








A person commits the offense of robbery if he intentionally
or knowingly threatens or places another in fear of imminent bodily injury or
death while in the process of committing theft with an intent to obtain or
maintain control of the property.  Tex. Penal Code Ann. 29.02 (Vernon
Supp. 2005).  A robbery is aggravated if
a person uses or exhibits a deadly weapon during the commission of a
robbery.  Tex. Penal Code Ann. ' 29.03 (Vernon Supp. 2005). 

Here, the complainant identified appellant at trial as the
man who held a gun to his head, took his money, and caused him to fear for his
life.  A customer at the store who
witnessed the crime also positively identified appellant at trial.  Further, appellant was admitted to the
hospital within an hour of the robbery for a gunshot wound.  Appellant=s fingerprints were found on the box
of crackers picked up by the robber.  The
police recovered a white, four-door car with its windows shot out within a mile
of the store.  The car was owned by
appellant=s girlfriend.  There was a bullet hole in the door panel and
.38 caliber casings were found in the exterior and interior of the
vehicle.  DNA analysis revealed that a
bloodstain inside the car matched appellant=s blood.  

Viewing the evidence in the light most favorable to the
verdict, a rational jury could have found beyond a reasonable doubt that
appellant committed the offense of aggravated robbery.  Therefore, the evidence is legally sufficient
to support appellant=s conviction.

B.        Factual
Sufficiency

In reviewing the evidence for factual sufficiency, we must
view all of the evidence in a neutral light, and must set aside the verdict
only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence may be factually insufficient if (1)
the evidence supporting the verdict alone is too weak to justify a finding of
guilt beyond a reasonable doubt, or (2) the contrary evidence is so strong that
it would prevent a reasonable jury from finding guilt beyond a reasonable
doubt.  Zuniga v. State, 144
S.W.3d 477, 484B85 (Tex. Crim. App. 2004).








Appellant argues that neither the complainant nor the
customer who witnessed the crime accurately identified appellant in a photo
line-up.  He also complains that the
State failed to introduce evidence matching the .38 caliber casings found at
the scene and in the car with the complainant=s gun.  However, in light of the identifications of
appellant at trial, the DNA evidence, the fingerprint evidence, and the
evidence that appellant was hospitalized with a gunshot wound within an hour of
the offense, we conclude that the State=s evidence was not too weak to
justify a finding of guilt beyond a reasonable doubt.

In support of his factual insufficiency argument, appellant
also relies on his own testimony. 
Appellant testified that he was shot by the angry boyfriend of a woman
with whom he spent the night before the robbery.  He claimed that his fingerprints were found
on the cracker box because he had previously been to the store.  He also said that, although the car belonged
to his girlfriend, his girlfriend called him that morning to tell him the car
had been stolen.  With respect to the
bloodstain found in the car, appellant claimed that he cut his finger while
fixing a flat tire.  Appellant did not
offer any evidence to corroborate his explanations. 

We must defer to the jury=s determinations involving witness
credibility and demeanor.  Zuniga,
144 S.W.3d at 481.  The jury was the sole
judge of witness credibility and was free to accept or reject all or any part
of appellant=s testimony.  See Ortiz v. State, 93 S.W.3d 79, 88
(Tex. Crim. App. 2002); Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim.
App. 1998).  Because a jury could have
reasonably disbelieved appellant=s unsubstantiated testimony, we
conclude that the contrary evidence is not so strong that it would prevent a
rational jury from finding guilt beyond a reasonable doubt.  Accordingly, we find the evidence factually
sufficient to support appellant=s conviction. 
Appellant=s first issue is overruled. 


II. 
Identification Testimony








In his second issue, appellant contends that the trial court
erred by allowing the complainant to identify appellant at trial.  However, appellant has not preserved any
alleged error for review.  Appellant
complains on appeal that he was denied due process under the federal and state
constitutions because the complainant did not identify appellant from his
independent recollection of the crime. 
However, appellant did not file a motion to suppress the complainant=s identification, and he did not
object to the complainant=s identification at trial. 
Appellant therefore waived any error on appeal.  See Tex.
R. App. P. 33.1(a) (providing that a party must make a timely and
specific objection, request, or motion at trial to preserve error for appellate
review); Perry v. State, 703 S.W.2d 668, 670B71 (Tex. Crim. App. 1986) (noting
that ATexas courts stringently apply the
contemporaneous objection rule in the context of improper identification@); In re G.A.T., 16 S.W.3d
818, 827 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  Appellant=s second issue is overruled.

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed March 28, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).