Affirmed and Memorandum Opinion filed November 2, 2006








Affirmed and Memorandum Opinion filed November 2, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00864-CR

_______________

 

KENNETH RAY SOWELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                          
                                     

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1007515

                                                                                                                      
                         

 

M E M O R A N D U M   O P I N I O N








Kenneth Ray Sowell appeals a
conviction for aggravated robbery[1] on the
grounds that: (1) the trial court erred by submitting a definition of
reasonable doubt to the jury venire panel in violation of Paulson v. State,
28 S.W.3d 570, 573 (Tex. Crim. App. 2000); (2) the live identification line-up
of appellant was unduly suggestive because the other participants in the
line-up were physically dissimilar; and (3) the trial court erred by allowing
testimony during the guilt phase that suggested extraneous offenses.  However,
because appellant failed to object to the trial court=s alleged definition of reasonable
doubt,[2] the alleged
line-up as being impermissibly suggestive,[3]
or any of the testimony that he now complains suggested extraneous offenses,[4]
his complaints are not preserved for our review.  Accordingly, appellant=s three issues are overruled, and the
judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed November 2, 2006.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury convicted appellant of aggravated
robbery, found one enhancement paragraph true, and imposed a sentence of 70
years= confinement.





[2]           See Fuentes v. State, 991 S.W.2d
267, 273 (Tex. Crim. App. 1999) (holding that defendant failed to preserve
error by not renewing his objection when the trial court rephrased its
definition of reasonable doubt during voir dire).





[3]           Perry v. State, 703 S.W.2d 668, 670B71 (Tex. Crim. App. 1986) (finding waiver because
defendant failed to object or complain about the out-of-court identification
procedure at trial).  





[4]           Tex.
R. App. P. 33.1(a)(1).