

**NUMBER 13-07-00230-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE MATTER OF L.W., A CHILD**

**On appeal from the County Court at Law No. 2
of Victoria County, Texas, Sitting as a Juvenile Court.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant, L.W., was adjudicated delinquent after a jury found he committed the offense of robbery. *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2006). After a disposition hearing, the trial court committed L.W. to the Texas Youth Commission for an indeterminate period of time not to exceed his twenty-first birthday. On appeal, L.W. challenges the factually sufficiency of the evidence. We affirm.

## I. BACKGROUND

On December 18, 2006, Laura Rogers left her apartment at about 6:45 a.m. to go jogging. As she was jogging, a young man approached Rogers and knocked her to the ground by shoving her on the shoulder. Rogers testified that she felt something hard on her back, and that the young man told her that if she did not give him $700 he was going to "empty a clip on" her. They began walking to her apartment because the young man wanted her debit card. As they reached the apartment complex, they encountered Wade Wright, an employee of the complex. Wright testified that he was picking up trash around the complex when he was approached by Rogers and a young man. At trial, both Rogers and Wright identified L.W. as the young man. After the jury found the allegation in the State's petition to be true, the trial court sentenced L.W. to the Texas Youth Commission. This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a factual sufficiency review, we view all of the evidence in a neutral light in order to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). Evidence may be factually insufficient if: (1) it is so weak as to be clearly wrong and manifestly unjust, or (2) the jury's verdict is against the great weight and preponderance of the available evidence. *Id.* at 414-15. "An appellate court must give deference to a jury's decision regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an evaluation of credibility and demeanor, which the jury is in the better position to judge." *Lancon v. State*, No. 0182-07, 2008 Tex. Crim. App. LEXIS 640,

2

*18 (Tex. Crim. App. May 14, 2008). Unless we can say with some objective basis in the record that the great weight and preponderance of the evidence contradicts the jury's verdict, we will not reverse the judgment as factually insufficient. *Watson*, 204 S.W.3d at 417. We apply the criminal law standard for factual insufficiency in juvenile cases. *In re B.P.H.*, 83 S.W.3d 400, 407 (Tex. App.–Fort Worth 2002, no pet.).

An individual commits robbery if, in the course of committing theft, he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02 (a)(2).

### III. ANALYSIS

By his sole issue, L.W. contends that the evidence presented by the State is insufficient and asks that we reverse and remand this case to the trial court for a new trial. Based on his argument and prayer, we construe L.W.'s issue as a challenge to the factual sufficiency of the evidence. Specifically, L.W. asserts that (1) Rogers's and Wright's identification of L.W. was tainted, and (2) there are inconsistencies between the witnesses' testimony, and between the witnesses' testimony and the police report.[1]

### A. In-Court Identification

Appellant challenges the in-court identifications. However, appellant did not file a pre-trial motion to suppress the in-court identifications or object to the evidence when it was offered at trial. Therefore, L.W. failed to preserve his challenge to the admissibility of the in-court identifications for appellate review. *See Perry v. State*, 703 S.W.2d 668, 670-

---

[1] In support of his factual sufficiency argument, L.W. also generally comments that "[t]here was another possible suspect for the alleged robbery that the police never investigated." However, we conclude that L.W. has waived this contention by neither citing to authority nor supporting the assertion with a clear and concise argument. *See* TEX. R. APP. P. 38.1(h).

3

71 (Tex. Crim. App. 1986) ("We note that Texas courts stringently apply the contemporaneous objection rule in the context of improper identification. Without an objection to an in-court identification or to testimony based on an impermissibly suggestive identification procedure, no error is preserved.").

## B. Alleged Inconsistencies

L.W. argues that inconsistencies in the testimony render the evidence insufficient to support the conviction.[2] We disagree. The alleged inconsistencies or conflicts between Wright's statement to police and Rogers's and Wright's trial testimony were before the jury. As the judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony, we must give due deference to jury's determinations concerning the weight given to contradictory testimonial evidence and the jury's evaluation of the credibility of the evidence. *See Lancon*, 2008 Tex. Crim. App. LEXIS at **12-13, 18; *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). Moreover, as the trier of fact, the jury is free to believe or disbelieve any portion of a witness's testimony. *Bowden*, 628 S.W.2d at 784. In this case, the jury chose to believe Rogers's testimony that L.W. had a gun when he demanded money and that L.W. scared her because he threatened to kill her. The jury also chose to believe Wright when he testified that he saw L.W. with Rogers and that she told him L.W. had a gun, wanted money, and threatened to kill her.

---

[2] L.W. points to the following inconsistencies and discrepancies in the testimony: (1) Rogers testified that the assailant was 5'7" tall, and Wright testified that the assailant was 5'10" tall; (2) Rogers testified that she passed Wright before the attack at approximately 6:50 a.m., while Wright testified he did not start working until 7:00 a.m.; (3) Wright testified that he did not tell police that he saw L.W. shove Rogers, but the police report states that he did; (4) in his police statement, Wright stated that Rogers "ran away," but Rogers and Wright both testified that she did not run away; (5) Rogers testified that the assailant had a swollen right eye, but Wright did not mention a swollen eye; (6) Wright testified that the assailant had a scar on his nose, but Rogers did not; (7) Wright testified that L.W. smelled of alcohol, but did not mention it in his police statement; and (8) Wright testified that he knew L.W. as a previous tenant, but Wright did not tell Rogers that he knew the assailant.

After viewing all of the evidence in a neutral light, we conclude that the evidence is not so weak that the trial court's verdict seems clearly wrong or manifestly unjust, and the verdict is not against the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 414-15. Therefore, the evidence is factually sufficient to support the verdict. We overrule L.W.'s sole issue.

## IV. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 3rd day of July, 2008.

5