Affirmed and Memorandum Opinion filed March 19, 2009








Affirmed and Memorandum Opinion filed March 19, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00924-CR

____________

 

DERRICK GLENN CRAIG, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1108239

 



 

M E M O R A N D U M   O P I N I O N

Appellant Derrick Glenn Craig challenges his conviction for
aggravated robbery, claiming in a single issue that the procedure used in
connection with the complainant=s prior out-of-court identification was
unnecessarily suggestive and thus made the complainant=s in-court
identification unreliable and in violation of appellant=s due process
rights under the Fifth Amendment to the United States Constitution.  We affirm.

 








Factual and Procedural
Background

A police officer responded to a call involving a robbery in
progress.  The officer learned that the complainant had been working in his
garage with the garage door open when two men exited a vehicle and approached
the complainant.  They pointed a gun at him and demanded the complainant=s wallet and keys
to his vehicle.  

The intruders then ordered the complainant to let them
enter his home.  One intruder accompanied the complainant upstairs, while his
companion remained downstairs with appellant=s granddaughter. 
The intruders searched the home for fifteen minutes and then fled with
property, including jewelry and electronic items.  One drove away in the
complainant=s vehicle, while the other left in the vehicle in
which the two had arrived.  The complainant described one of the robbers as
wearing a black shirt and red shorts.

The officer left the scene and located the complainant=s stolen vehicle,
which was seen in the general vicinity.  The officer followed the stolen
vehicle, whose driver pulled into an apartment complex and stopped the vehicle
in the parking lot.  Two men exited the vehicle and fled.  The officer called
for assistance from other officers.  An employee of the apartment complex
notified the officer that a man had run past him and entered a nearby
apartment.  Officers approached the apartment.  The person who answered
indicated that an unknown man had just entered the apartment and had run to a
back bedroom.  Officers located the man, appellant, in the back bedroom.








The responding officer contacted the complainant and asked
him to come to the apartment complex to identify his vehicle.  Upon the
complainant=s arrival, police held appellant in police custody in
the back of a police cruiser.  When asked by officers whether appellant was one
of the robbers at his home, the complainant responded affirmatively.  The
complainant later viewed a videotaped line-up, in which appellant wore red
shorts.  From the videotape, both the complainant and his granddaughter
identified appellant as one of the men who had robbed them in their home.

Appellant was charged with the felony offense of aggravated
robbery, to which he pleaded Anot guilty.@  At a trial on
the merits, the complainant identified appellant as the person who fled the
home in the complainant=s vehicle.  The jury found appellant
guilty as charged and assessed punishment at twenty-five years= confinement.  

Issue And Analysis

On appeal, appellant raises a single issue, claiming the
procedure used to procure the complainant=s pre-trial
identification of appellant was so unnecessarily suggestive as to render the
complainant=s in-court identification unreliable.  Specifically,
appellant complains that the identification came about because the complainant
saw him in police custody in the back of the police cruiser and confirmed that
appellant was one of the robbers in his home.  According to appellant, the
complainant was able to identify him out of court only because appellant was
sitting in the police cruiser and happened to be wearing a black shirt and red
shorts.  Appellant complains that the complainant=s in-court
identification was rendered unreliable because of the Aimpermissibly
suggestive procedures@ used to procure the out-of- court
identification.  Appellant does not appear to challenge the procedures used in
the complainant=s identification of appellant based on the
videotaped lineup.  








As a threshold matter, we consider whether appellant
preserved his complaint for appellate review.  To preserve error, a party must
make a timely request, objection, or motion with sufficient specificity to
apprise the trial court of the complaint.  Tex.
R. App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886B87 (Tex. Crim.
App. 2002); see In re G.A.T., 16 S.W.3d 818, 827 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (failing to raise issue of suggestive identification
procedures waived error).  Appellant has not cited and our own independent
review of the appellate record has not revealed that appellant raised the issue
of suggestiveness in the trial court.  See In re G.A.T., 16
S.W.3d at 827.  Although appellant filed a motion to suppress evidence,
specifically identification evidence, there is no indication in the record that
the trial court ruled on the motion.  Moreover, at trial appellant did not
object to the in-court identification of appellant when the complainant identified
him as the robber, nor did appellant re-urge his motion to suppress.  See
Perry v. State, 703 S.W.2d 668, 670 (Tex. Crim. App. 1986); see also
Clark v. State, No. 09-06-00230-CR, 2007 WL 4953634, at *6 (Tex.
App.CBeaumont Feb. 27,
2008, pet. ref=d) (mem. op., not designated for publication).  Without
any ruling on this pre-trial motion and absent any objection to the complainant=s in-court identification
or to testimony based on any allegedly impermissibly suggestive identification
procedure, appellant=s complaint is not preserved.  See
Perry, 703 S.W.2d at 670.  With few exceptions, not applicable here, even
constitutional complaints may be waived by the failure to raise a timely
objection in the trial court.  See Saldano, 70 S.W.3d at 886B89.  Therefore, we
conclude that as to appellant=s challenge to the complainant=s in-court
identification of appellant, he has failed to preserve error.  See In re
G.A.T., 16 S.W.3d at 827.  Accordingly, we overrule appellant=s sole issue on
appeal, and we affirm the judgment of the trial court.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of Justices Anderson and Frost and Senior
Justice Hudson.*

Do Not Publish C Tex. R. App. P.
47.2(b).

 









*  Senior Justice J. Harvey Hudson sitting by
assignment.