Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-09-00475-CR

Leonard **CHILDS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-9372A
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  October 13, 2010

AFFIRMED

The sole issue presented in this appeal is whether the trial court erred in "failing to suppress the out-of-court identification of the [a]ppellant because the photographic line up was impermissibly suggestive and tainted the later in-court identification."  We agree with the State that the complaints presented on appeal have not been preserved for our consideration.

Both Rebecca Carrasco and Kirk Lewis identified Leonard Childs at trial as the person who stole Carrasco's wallet.  Before trial, the attorney representing Childs filed a motion for an

identification hearing outside the presence of the jury. The attorney did not, however, request the hearing or a ruling on the motion until after Lewis had identified Childs in court. At the subsequent hearing regarding whether the pretrial photographic lineup was impermissibly suggestive, the only complaints made by the attorney were: (1) Lewis was shown two identical photographic lineups; and (2) Childs's picture was located in the center of the top row of the six photographs shown to the witnesses. With regard to the second complaint, the attorney argued, "I mean, if you're playing cards with your kids and you put six cards out and tell them — you know, show them a card, you put one up there, I mean, even an elementary school kid could tell you which one he was supposed to pick, Your Honor."

Texas courts stringently apply the contemporaneous objection rule in the context of improper identification. *Perry v. State*, 703 S.W.2d 668, 670 (Tex. Crim. App. 1986). In this case, Childs waived any complaint regarding Lewis's identification of him because he did not request a hearing on his motion or obtain a ruling until after Lewis identified him in court. *See Perry*, 703 S.W.2d at 670-71; *Wallace v. State*, 75 S.W.3d 576, 584 (Tex. App.—Texarkana 2002), *aff'd on other grounds*, 106 S.W.3d 103 (Tex. Crim. App. 2003); *Van Zandt v. State*, 932 S.W.2d 88, 94-95 (Tex. App.—El Paso 1996, pet. ref'd). Because Childs's first complaint relates to the photographic lineups shown to Lewis, this complaint is waived.

The only other complaints Childs makes in his brief are: (1) the photographs themselves were impermissibly suggestive because the individuals depicted in the photographs were not sufficiently similar in appearance; (2) the officer either expressly or implicitly informed the witnesses that the suspect's picture was among the six contained in the lineup; and (3) a "six-pack" photo array is inherently suggestive. These complaints do not, however, comport with the objection made at trial. Accordingly, they also have not been preserved for our consideration.

TEX. R. APP. P. 33.1 (error must be preserved by making complaint to trial court stating specific grounds for complaint); *Jasso v. State*, 112 S.W.3d 805, 812 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding error not preserved where complaints on appeal regarding manner in which photographic lineup was unduly suggestive did not comport with objections made at trial); *Walker v. State*, No. 2-02-233-CR, 2003 WL 21940981, at *1 (Tex. App.—Fort Worth Aug. 14, 2003, pet. ref'd) (same) (not designated for publication).

Because Childs's appellate complaints were not preserved for our consideration, the trial court's judgment is affirmed.

Catherine Stone, Chief Justice