COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AARON WILLIAMS, | § | No. 08-10-00056-CR |
| Appellant, | § | Appeal from the |
| V. | § | 168th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D06123) |
| | § | |
| | § | |

**O P I N I O N**

Aaron Williams was convicted of two counts of aggravated robbery and three counts of burglary of a habitation. The trial court sentenced Appellant to 12 years' imprisonment for the robbery convictions and 12 years' imprisonment for the burglary convictions. The sentences will run concurrently. On appeal, Appellant raises a single issue challenging the trial court's denial of his pretrial motion to suppress.

Appellant was indicted for two counts of aggravated robbery and three counts of burglary of habitation. Appellant filed a motion to suppress. Specifically, Appellant argued that the photo array through which the victim of the charged offenses, Mrs. Emma Olivas-Vellan, identified him as the perpetrator was illegally suggestive. The trial court denied Appellant's motion.

During Mrs. Olivas-Vellan's trial testimony, she again identified Appellant as who burglarized her home and attacked her and her husband. The jury convicted Appellant of all counts. Appellant elected to be sentenced by the court. Prior to the punishment phase, the

parties reached a sentencing agreement, which provided that Appellant would serve twelve years for each offense, sentences to run concurrently. The trial court accepted the agreement and sentenced Appellant accordingly.

In his sole issue presented for this Court's review, Appellant contends that the trial court abused its discretion by denying his motion to suppress the evidence of Mrs. Olivas-Vellan's pretrial identification, because the photo array was illegally suggestive. Although Appellant's argument focuses exclusively on the court's suppression ruling, as a preliminary matter, we must address whether the error complained of is preserved for our review. Texas courts stringently apply the contemporaneous objection rule in the context of suggestive identification procedures. *See* TEX.R.APP.P. 33.1(a); *Perry v. State*, 703 S.W.2d 668, 670 (Tex.Crim.App. 1986). Absent a timely objection to the in-court identification, or testimony based on an allegedly suggestive identification procedure, no error is preserved. *Perry*, 703 S.W.3d at 671. In other words, despite the denial of Appellant's motion to suppress the investigative identification, Appellant was still required to object to the witness's in-court identification to preserve the alleged error. *Perry*, 703 S.W.2d at 670. Failure to do so constitutes a procedural default, and waives the complaint for appellate review. *See Wallace v. State*, 75 S.W.3d 576, 584 (Tex.App.--Texarkana 2002, pet. granted), *aff'd on other grounds*, 106 S.W.3d 103 (Tex.Crim.App. 2003).

There is no indication from the record of Mrs. Olivas-Vellan's trial testimony that Appellant objected to her in-court identification. Therefore, Appellant's argument regarding the trial court's ruling on his motion to suppress has been waived. *See Wallace*, 75 S.W.3d at 584. Issue One is therefore overruled as waived.

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

June 15, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)