COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






AARON WILLIAMS,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-10-00056-CR

Appeal from the

168th Judicial District Court

of El Paso County, Texas 

(TC# 20080D06123) 





O P I N I O N

            Aaron Williams was convicted of two counts of aggravated robbery and three counts of
burglary of a habitation. The trial court sentenced Appellant to 12 years’ imprisonment for the
robbery convictions and 12 years’ imprisonment for the burglary convictions. The sentences will
run concurrently. On appeal, Appellant raises a single issue challenging the trial court’s denial of
his pretrial motion to suppress.
            Appellant was indicted for two counts of aggravated robbery and three counts of burglary
of habitation. Appellant filed a motion to suppress. Specifically, Appellant argued that the photo
array through which the victim of the charged offenses, Mrs. Emma Olivas-Vellan, identified
him as the perpetrator was illegally suggestive. The trial court denied Appellant’s motion.
            During Mrs. Olivas-Vellan’s trial testimony, she again identified Appellant as who
burglarized her home and attacked her and her husband. The jury convicted Appellant of all
counts. Appellant elected to be sentenced by the court. Prior to the punishment phase, the
parties reached a sentencing agreement, which provided that Appellant would serve twelve years
for each offense, sentences to run concurrently. The trial court accepted the agreement and
sentenced Appellant accordingly.
            In his sole issue presented for this Court’s review, Appellant contends that the trial court
abused its discretion by denying his motion to suppress the evidence of Mrs. Olivas-Vellan’s
pretrial identification, because the photo array was illegally suggestive. Although Appellant’s
argument focuses exclusively on the court’s suppression ruling, as a preliminary matter, we must
address whether the error complained of is preserved for our review. Texas courts stringently
apply the contemporaneous objection rule in the context of suggestive identification procedures.
See Tex.R.App.P. 33.1(a); Perry v. State, 703 S.W.2d 668, 670 (Tex.Crim.App. 1986). Absent a
timely objection to the in-court identification, or testimony based on an allegedly suggestive
identification procedure, no error is preserved. Perry, 703 S.W.3d at 671. In other words,
despite the denial of Appellant’s motion to suppress the investigative identification, Appellant
was still required to object to the witness’s in-court identification to preserve the alleged error. 
Perry, 703 S.W.2d at 670. Failure to do so constitutes a procedural default, and waives the
complaint for appellate review. See Wallace v. State, 75 S.W.3d 576, 584 (Tex.App.--Texarkana
2002, pet. granted), aff’d on other grounds, 106 S.W.3d 103 (Tex.Crim.App. 2003).
            There is no indication from the record of Mrs. Olivas-Vellan’s trial testimony that 
Appellant objected to her in-court identification. Therefore, Appellant’s argument regarding the
trial court’s ruling on his motion to suppress has been waived. See Wallace, 75 S.W.3d at 584. 
Issue One is therefore overruled as waived.
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.


June 15, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)