**Opinion filed June 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00186-CR

_____

## MICHAEL WAYNE WHITTINGTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR40620**

## M E M O R A N D U M   O P I N I O N

The jury convicted Michael Wayne Whittington of aggravated assault with a deadly weapon and assessed his punishment at confinement for a term of five years and a fine of $1,000. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). The trial court, on the jury's recommendation, suspended Appellant's sentence, placed Appellant on community supervision for a term of ten years, and assessed a fine in

the amount of $1,000. In a single issue, Appellant argues that his right to due process was violated when police used a suggestive procedure to identify him. We affirm.

An accused's right to due process is violated when the State uses a pretrial identification procedure that is so suggestive that it creates a "substantial likelihood of irreparable misidentification." *Jackson v. State*, 657 S.W.2d 123, 127 (Tex. Crim. App. 1983) (internal quotation mark omitted) (quoting *Neil v. Biggers*, 409 U.S. 188, 198 (1972)). The State argues that Appellant has waived this issue. We agree. Appellant did not raise this issue prior to trial, nor did he make any objections to the testimony regarding the identification procedure used by the officers. Although defense counsel pointed out problems with the reliability of the identification during closing arguments, the issue of whether the identification procedure violated Appellant's right to due process was never before the trial court. Appellant also never objected to the admission of the out-of-court, or in-court, identification testimony. Appellant has therefore failed to preserve error and has waived this issue for our review. *See* TEX. R. APP. P. 33.1; *Perry v. State*, 703 S.W.2d 668, 669–71 (Tex. Crim. App. 1986) (determining that the error was not fundamental and holding that the appellant waived error when he failed to object in the trial court to the identification procedure). We overrule Appellant's sole issue on appeal.

Although Appellant identifies and argues only one issue throughout his brief, he asserts in two sentences in his "**SUMMARIES OF THE ARGUMENTS**" section that the evidence was insufficient to support his conviction. The Texas Rules of Appellate Procedure require an appellant to "state concisely all issues or points presented for review" and to make "a clear and concise argument" for each issue raised, "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). Appellant has failed to brief this issue in accordance with the appellate rules. However, because we can identify the issue, we will review the challenge to the sufficiency of the evidence as if it had been properly briefed.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Officer Anthony Goyang of the Midland Police Department testified that he responded to a "shots-fired call" at the Metro Inn. When he arrived at the Metro Inn, there were several people outside in the parking lot, including a male and female who approached him and began telling him what had happened. The two individuals also gave him a description of a vehicle that was connected with the incident. After he learned the address of one of the suspects, Officer Goyang went to that address and found a vehicle that matched the description, including a partial license plate number given to him by one of the witnesses. Officer Goyang also observed two individuals standing next to the vehicle and believed that they might have been involved in the incident at the Metro Inn. Officer Goyang, with the help of other officers, placed the two suspects into two separate patrol cars. The officers found two firearms on the passenger seat in the vehicle. While Officer Goyang was still at the residence with the suspects, other officers brought the witnesses from the Metro Inn to the residence to determine whether either of the suspects could be identified. Officer Goyang testified that he "took the Defendant, placed him outside by the vehicle, and we were able to receive positive confirmation by the witness." Officer Goyang identified Appellant as the person that the witnesses said they saw at the Metro Inn.

James Conn testified that he was at the Metro Inn with Bambi Moran on the night in question. Moran was working at the Inn, and Conn was keeping her company. Conn and Moran, along with two or three other individuals, went outside to smoke a cigarette and saw someone drive a "small, compact, black SUV" into the parking lot "really fast" and then park it. While the vehicle was parked, Conn heard two gunshots. The driver of the vehicle drove "real fast" out of the parking lot. On the way out of the parking lot, a male individual in the passenger seat pointed a gun out the window at Conn and the others standing outside. Conn heard another gunshot when the vehicle "went to the street." Before the driver of the vehicle drove away, Conn was able to get a partial license plate number. He testified that he did not see the individual in the courtroom that pointed a gun at him, nor was he able to identify the individual shortly after the offense occurred. However, he was able to identify the vehicle.

Moran identified Appellant in open court as the individual that pointed the gun at her. She testified that Appellant was the passenger in the vehicle and was ten to fifteen feet away from her when the incident occurred. Moran was "freaking out" and was frightened; she called the police. Sometime after the police arrived at the scene, officers took Moran to the place where they believed they had located the vehicle and the suspects that were involved in the offense. Moran identified Appellant as the offender.

To sustain a conviction for aggravated assault as charged in this case, the State had to prove beyond a reasonable doubt that Appellant intentionally or knowingly threatened Moran with imminent bodily injury and that Appellant used or exhibited a firearm during the commission of the assault. *See* PENAL § 22.01(a)(2) (West Supp. 2014), § 22.02(a)(2). Moran testified that Appellant pointed a gun at her and that she was frightened. Conn also testified that a male individual pointed a gun at them while they were in the Metro Inn parking lot. In addition, Officer Goyang

4

found Appellant next to a vehicle that matched the description that Conn had given him at the scene. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant committed the offense of aggravated assault with a deadly weapon. *See Jackson*, 443 U.S. at 319. Appellant's challenge to the sufficiency of the evidence is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


June 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.