COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




DOYLYN MORRISON,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00045-CR

Appeal from the

Criminal District Court No. 5

of Dallas County, Texas 

(TC# F-0400475-SL) 





O P I N I O N

            Doylyn Morrison appeals his conviction for burglary of a habitation with intent to commit
a felony, to wit: robbery. A jury found Appellant guilty and assessed punishment at twenty
years’ imprisonment. He raises two issues on appeal: that the complainant’s in-court
identification was tainted by an impermissibly suggestive out-of-court identification; and, the
evidence was factually insufficient to sustain his conviction. We affirm.
            On the morning of June 26, 2003, Michelle Patterson, the complainant, was in her
bedroom in the apartment where she lived with her one-month old son, boyfriend Mark Schmitz,
her boyfriend’s mother, and his sister, C.S. That morning, Mr. Schmitz left for work around 5:30
a.m. His mother left for work around 7 a.m. without waking up Ms. Patterson to lock the
deadbolt on the apartment door as she normally did. Around 8:15 a.m., Ms. Patterson heard a
noise and got up to open her bedroom door. As she reached for the door, a man she had never
seen before, but who she later identified as Appellant, opened her bedroom door from the
outside. Appellant said that someone had stolen his weed and money and rushed into the
bedroom. Appellant asked Ms. Patterson for the money and she told him she did not have any
money and showed him her purse. Appellant began searching for money and valuables. He
instructed Ms. Patterson to sit on the bed. Appellant went into C.S.’s bedroom. C.S., who had
been asleep, woke up and saw Appellant trying to unplug the cord to her laptop computer. 
Appellant told her that her brother had stolen his weed and to go back to sleep.
            Appellant returned to Ms. Patterson’s bedroom holding the laptop wrapped in a towel. 
Then he took Ms. Patterson’s engagement ring and told her to lie down on the bed on her
stomach. Ms. Patterson was crying and screaming. Appellant ordered her to lift up her
nightgown and touch herself. He threatened to force C.S. to do this instead if Ms. Patterson did
not comply. Ms. Patterson was crying, scared, and thought he would rape her. From the corner
of her eye, Ms. Patterson saw Appellant unzip his zipper and begin to masturbate. After
masturbating, Appellant left the apartment, taking the laptop and Ms. Patterson’s engagement
ring.
            While Appellant was in the apartment, he had gestured several times under his shirt as if
he had a gun and threatened to hurt Ms. Patterson, her son, or C.S if she did not do whatever he
said. Ms. Patterson felt that Appellant had placed her in fear of her life or serious injury.
            In her statement to the police, Ms. Patterson described the intruder as a light-skinned
black man, not that tall, and slender built. Shortly after the burglary, officers showed Ms.
Patterson a lineup of six African-American males. Ms. Patterson could not identify any of the
individuals as the intruder. On July 27, 2003, police officers showed Ms. Patterson a second
lineup, in which she identified Appellant. At trial, Ms. Patterson made an in-court identification
of Appellant as the person who had entered her Dallas apartment without her consent and robbed
her. She also testified that she had no doubt in her mind that Appellant was the intruder.SUGGESTIVE IDENTIFICATION
            In Issue One, Appellant contends that the complainant’s in-court identification was
inadmissible because it was tainted by impermissibly suggestive pretrial identification
procedures. Texas courts stringently apply the contemporaneous objection rule in the context of
improper identification. Van Zandt v. State, 932 S.W.2d 88, 94-95 (Tex.App.--El Paso 1996, pet.
ref’d), citing Perry v. State, 703 S.W.2d 668, 670 (Tex.Crim.App. 1986). Without an objection
to an in-court identification or to testimony based on an impermissibly suggestive identification
procedure, no error is preserved. Id. at 94-95; see also Perry, 703 S.W.2d at 671.
            Here, Ms. Patterson made an in-court identification of Appellant without objection. She
also testified regarding the circumstances of her out-of-court identification without objection. 
Appellant only lodged an objection when the State offered the photographic line-up into
evidence. We conclude that Appellant failed to preserve this issue for review. We overrule Issue
One.
FACTUAL SUFFICIENCY
            In Issue Two, Appellant challenges the factual sufficiency of the evidence to sustain his
conviction. Specifically, Appellant contends that excluding the in-court identification, which
was allegedly tainted by the impermissibly suggestive prior photo line-up, there was no other
corroborating evidence to connect Appellant to the offense.
            In reviewing the factual sufficiency of the evidence, we must determine whether
considering all the evidence in a neutral light, the jury was rationally justified in finding guilt
beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). 
Evidence can be factually insufficient if the evidence supporting the verdict, considered by itself,
is too weak to support the finding of guilt beyond a reasonable doubt, or contrary evidence is so
strong that guilt cannot be proven beyond a reasonable doubt. Id. at 484-85. Thus, balancing all
the evidence, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met and the guilty verdict should not stand. Id. at 485. This
standard acknowledges that evidence of guilt can “preponderate” in favor of conviction but still
be insufficient to prove the elements of the offense beyond a reasonable doubt. Id. Our
evaluation, however, should not intrude upon the fact finder’s role as the sole judge of the weight
and credibility given to any witness’s testimony. See Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997). We will not set aside the judgment unless the evidence supporting the
verdict is so weak as to be clearly wrong and manifestly unjust. Zuniga, 144 S.W.3d at 481. A
clearly wrong and manifestly unjust verdict occurs where the jury’s finding “‘shocks the
conscience’” or “‘clearly demonstrates bias.’” Id. An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that supports the
appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
            Here, Ms. Patterson positively identified Appellant as the perpetrator of the offense in a
prior photo line-up and likewise identified him in open court at trial. She also testified that she
stared at Appellant during the incident so that she would be able to identify him if she got the
chance. Appellant points to the lack of physical evidence presented at trial, noting in particular
that the police recovered no latent prints from Appellant in the apartment, found no traces of
seminal fluids, located no witnesses at the apartment complex, and found no stolen property in
Appellant’s possession. Appellant also points out that C.S. was unable to identify him in the
photo lineup or at trial. It is within the province of the jury to determine the credibility of the
witnesses’ testimony and the weight to be given to their testimony. See Cain, 958 S.W.2d at 407. 
Apparently, the jury believed Ms. Patterson’s testimony and resolved any conflicting evidence in
favor of the State. Considering all the evidence in a neutral light, we find that the evidence was
not too weak to support the guilty finding beyond a reasonable doubt nor was any contrary
evidence strong enough such that the beyond a reasonable doubt standard could not have been
met. Thus, the evidence was factually sufficient to sustain Appellant’s conviction. Issue Two is
overruled.
            We affirm the trial court’s judgment.

                                                                        DAVID WELLINGTON CHEW, Justice

September 21, 2006

Before Barajas, C.J., McClure, and Chew, JJ.
Barajas, C.J., not participating

(Do Not Publish)