NO. 07-05-0452-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL A


 

SEPTEMBER 26, 2006


______________________________



EDWARD OSWALT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B16032-0505; HONORABLE ED SELF, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Edward Oswalt, appeals his conviction for the offense of arson and
sentence of five years confinement in the Institutional Division of the Texas Department
of Criminal Justice. We affirm.

Background

 On May 7, 2004, a fire heavily damaged appellant's property at 711 12th Street in
Abernathy, Texas. An arson investigator, Kelly Vandygriff, investigated the scene and
discovered that an unidentified accelerant was used and that the fire began at two different
locations within the home. Vandygriff's opinion was that the fire was intentionally set. At
trial, witnesses testified seeing appellant, among others, present at the home shortly before
the fire. However, appellant's witnesses provided him an alibi for the time of the fire. The
jury returned a guilty verdict and assessed punishment at five years in the Institutional
Division of the Texas Department of Criminal Justice. 

 By two issues, appellant challenges the legal and factual sufficiency of the evidence
sustaining the finding of guilt. 

Standard of Review - Legal Sufficiency


 When reviewing challenges to both the legal and factual sufficiency of the evidence
supporting a verdict, we first review the legal sufficiency challenge. See Clewis v. State,
922 S.W.2d 126, 133 (Tex.Crim.App. 1996). A legal sufficiency review consists of
reviewing the evidence in the light most favorable to the prosecution to determine whether
any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). However, the jury is
the sole judge of the weight and credibility of the evidence. Clewis, 922 S.W.2d at 132
n.10 (citing Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991)). As an
appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict
unless it is irrational or unsupported by more than a "mere modicum" of evidence. See
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim.App. 1988). We resolve inconsistencies
in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App.
2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt
of an actor. Guevara v. State, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). Furthermore, the
standard of review is the same for both direct and circumstantial evidence. Id. 

Analysis


 To obtain a conviction for arson, the State had to prove that appellant started a fire
intending to damage or destroy a habitation knowing that the habitation was located within
the incorporated limits of a town. Tex. Pen. Code Ann. § 28.02(a) (Vernon Supp. 2006). 
Appellant concedes, on appeal, that an incendiary fire occurred and that the habitation was
located within the incorporated limits of Abernathy, Texas. However, appellant contends
that there is no direct evidence showing he is the person who set the fire. 

 Five witnesses testified that appellant was at the house within 10 to 15 minutes prior
to the discovery of the fire. By contrast, appellant's witnesses place him at locations other
than the home shortly before and during the fire. Vandygriff testified that, after his arson
investigation of the remains of the home, he concluded that an accelerant was used to
start the fire, the fire began in two different locations, and the fire was discovered within 10
to 15 minutes of ignition. 

 Although the State's evidence that appellant ignited the fire was circumstantial, that
evidence is as probative as direct evidence. Guevara, 152 S.W.3d at 49. After analyzing
the evidence in the light most favorable to the prosecution, giving due regard to the fact
finder's resolution of any issue of inconsistencies in evidence and credibility of the
witnesses, we cannot say that a rational trier of fact could not have found appellant guilty
beyond a reasonable doubt. See Ross, 133 S.W.3d at 620. 

 Thus, appellant's issue regarding legal sufficiency is overruled. Having concluded
that the evidence was legally sufficient, we next address the factual sufficiency of the
evidence.

Standard of Review - Factual Sufficiency


 When an appellant challenges the factual sufficiency of his conviction, the reviewing
court must ultimately determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See
Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which
the evidence may be insufficient. First, when considered by itself, evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, considering all of the evidence, both for and against the verdict, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not have
been met. Id. at 484-85. 

 In performing a factual sufficiency review, we are to give deference to the fact
finder's determinations involving the credibility and demeanor of witnesses. Id. at 481. We
may not substitute our judgment for that of the fact finder unless the verdict is clearly wrong
or manifestly unjust. See id. at 481-82. Finally, an opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that appellant
claims undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex.Crim.App. 2003).

Analysis


 We begin our review by discussing the evidence that appellant claims demonstrates
a factually insufficient basis for the jury verdict. Appellant contends that, although the
State's witnesses testified to seeing him shortly before the fire began, they did not actually
see him entering or exiting the home. Further, appellant points to the fact that none of the
State's witnesses saw any incendiary device on or about appellant's person. Finally,
appellant attacks the credibility of the State's witnesses by noting the disparity in the times
testified to by the State's witnesses which placed appellant leaving the scene at different
times between 5:30 p.m. to 8:00 p.m. Although appellant's position is that the State has
not shown he was the person that set the fire nor that he was not at the scene, the jury
simply did not believe appellant's version of the facts and believed the State's evidence
though circumstantial. 

 It is true, as alleged by appellant, that evidence of presence at the scene of the fire
shortly before the fire is discovered is not proof that appellant set the fire. See O'Keefe v.
State, 687 S.W.2d 345, 349 (Tex.Crim.App. 1985). However, the evidence before the jury
is sufficient to establish appellant's presence at the scene as well as a motive to commit
arson. Witnesses testified that appellant was attempting to sell the residence, was
experiencing financial difficulties, and that the city was aggressively pursuing appellant for
violations of city ordinances regarding the proper maintenance of property within the city
limits. A city council member testified that appellant's property required general clean up
to address overgrown grass and several inoperative vehicles in the backyard and that the
property had been a subject of discussion at city council meetings for approximately three
to four months. It was undisputed that the two fires were intentionally set, that appellant
was selling the property, and that the property was affecting appellant financially. This
evidence was submitted to the jury for their evaluation and determination about the weight
and credibility of witnesses' testimony. Zuniga, 144 S.W3d at 481. In our review of the
evidence, we will give appropriate deference to judgment of the fact finder and will not
substitute our judgment for that of the jury unless the verdict is clearly wrong or manifestly
unjust. Id. 

 After reviewing all the evidence in a neutral light, both the State's evidence
supporting the verdict and appellant's evidence to the contrary, we cannot say that the
supporting evidence was so weak nor the contrary evidence so strong that the verdict of
the jury was not rational. Id. at 484. Appellant's issue of factual sufficiency is, therefore,
overruled.

 Accordingly, the trial court judgment is affirmed.


 Mackey K. Hancock

 Justice




Do not publish. 



e identification in violation of Rule 403 of the
Rules of Evidence. Appellant only raised the issue in his motion in limine and failed to
object during trial to the admission of either piece of evidence on the basis of Rule 403. 
Again, his failure to do so waived the issue. Ortiz v. State, 825 S.W.2d at 541.

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam

Do not publish.
1. Appellant states in his brief that the identification of him by Martin was unreliable because he was
not shown a photo array of other suspects and therefore he was "denied his constitutional rights to due
process and confrontation of his accusers." However, appellant did not make this objection to the trial court,
and, therefore, that issue was waived. Perry v. State, 703 S.W.2d 668, 671 (Tex. Crim. App. 1986).