

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00365-CR

ISREAL AMBROSIA                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1265361D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Isreal Ambrosia appeals his conviction for aggravated robbery while using a deadly weapon. In one point, Ambrosia argues that the trial court erred by overruling his motion to suppress evidence that he was identified in a police-created photographic lineup shortly after the incident giving rise to this

---

[1]*See* Tex. R. App. P. 47.4.

charge occurred and that his due process rights were violated when the complainant in this case identified him in court. We will affirm.

## II. BACKGROUND

Tomas Esparza was working on May 23, 2011, for Canteen Vending as a delivery truck driver. As part of his delivery duties, Esparza drove a predetermined route, filling vending machines and collecting money. After refilling his truck around midday, Esparza stopped by a parking lot to eat his lunch and make a phone call. He was interrupted when Ambrosia opened the door of Esparza's truck and ordered him to go to the back. Esparza initially thought that Ambrosia was kidding because he recognized Ambrosia as a former coworker. Ambrosia opened up his jacket and brandished a handgun that was tucked inside his pants. Esparza asked Ambrosia, "Are you joking?," to which Ambrosia repeated, "Go to the back."

Esparza got out of the truck, walked back to the cargo compartment, and gave Ambrosia the keys to his truck. In the meantime, another man exited a small car parked nearby and approached to assist Ambrosia. Once inside the cargo compartment, Ambrosia took out bags of money which Esparza had collected from the vending machines earlier. Ambrosia and his accomplice also took Esparza's wallet and tied his hands to a pole in the back of the truck.

Ambrosia then removed a photograph of Esparza's children from Esparza's wallet and told him, "You have not seen anything. We know who your children are. You have not seen anything." Thereafter, Ambrosia and his

2

accomplice closed Esparza inside the cargo compartment and left. After Esparza eventually managed to escape his restraints using a box cutter, he got out of the back of the truck and drove to a nearby vendor, where he had people there call the police. Esparza eventually identified Ambrosia from a police-created photographic lineup.

Prior to trial, Ambrosia filed a motion to suppress, asserting that the procedure used to identify him in the photographic lineup was impermissibly suggestive. At the suppression hearing, Ada Aguilar testified that on the same day the offense occurred, she assembled a photographic lineup of six individuals, including a picture of Ambrosia, and showed it to Esparza. Esparza identified Ambrosia as the assailant and told Aguilar that he knew Ambrosia because they had previously worked together.

During closing arguments at the suppression hearing, the following colloquy took place:

> [Defense Counsel]: Judge, our argument is that since he's wearing -- wearing the uniform, he's -- we've heard testimony on the stand that [] Esparza stated that this person worked with him. He's going and looking at a lineup and able to see someone who's wearing the same uniform he wears every day.

> THE COURT: Let me ask you something. I -- I didn't hear any testimony about this was the same uniform they wear every day. Am I wrong?

> [Defense Counsel]: Well, the testimony was that [] Esparza works with the person.

3

THE COURT: Yeah, I heard that. But I didn't hear the testimony about the partic -- particular uniform, if they do wear one at – at the job every day. Am -- am I wrong about that?

[Prosecutor]: No, that's correct, Judge. There was no testimony about that.

THE COURT: Okay. All right.

[Defense Counsel]: I understand, Judge. That's our argument that he was just picked out based on the -- on the clothing rather than based on the face.

At the conclusion of the hearing, the trial court found that the identification procedure was not impermissibly suggestive and overruled Ambrosia's motion to suppress. Esparza later positively identified Ambrosia at trial without objection. A jury found Ambrosia guilty of aggravated robbery while using a deadly weapon and assessed punishment at eighteen years' confinement. The trial court sentenced Ambrosia accordingly, and this appeal followed.

## III. DISCUSSION

In part of his sole issue, Ambrosia argues that the trial court erred by overruling his motion to suppress a pretrial photographic lineup identification. We conclude that there are no facts in the record to support Ambrosia's contention.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical

4

fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

When faced with a challenge to an out-of-court identification, a trial court must look to the totality of the circumstances surrounding the identification to determine if a procedure was so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law. *Webb v. State*, 760 S.W.2d 263, 272 (Tex. Crim. App. 1988), *cert. denied*, 491 U.S. 910 (1989). In the first step in this analysis, the trial court determines whether the identification procedure was impermissibly suggestive. *Barley v. State*, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1176 (1996). If the trial court determines the identification is impermissibly suggestive, the court must then consider the factors enumerated in *Neil v. Biggers* to determine whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. 409 U.S. 188, 199–200, 93 S. Ct. 375, 382 (1972).

Here, Ambrosia argues that his picture in the photo array was impermissibly suggestive because it displayed him wearing a uniform with identifiable characteristics. Ambrosia's argument is that because Esparza stated to police that he recognized Ambrosia during the robbery because he had

5

worked with him and because the complainant worked for Canteen Vending, a picture of Ambrosia wearing a Canteen Vending uniform with a "visible" logo was impermissibly suggestive. But the suppression-hearing record does not demonstrate that Ambrosia's photograph was one in which he wore a uniform that Esparza recognized. *See Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007) (recognizing the general rule that a reviewing court considers only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later). Indeed, the suppression-hearing record does not demonstrate what company Esparza and Ambrosia worked for, nor does it otherwise reveal that the alleged uniform Ambrosia claims he was wearing in the photographic lineup was one that Esparza recognized. In fact, at the suppression hearing, Ambrosia's trial counsel stated that he understood that such evidence had not been introduced at the suppression hearing. Thus, the trial court did not abuse its discretion by determining that the photograph of Ambrosia used in the photographic lineup was not impermissibly suggestive because there was no evidence presented at the suppression hearing that would have served as the basis for the trial court to conclude otherwise. *See Johnson*, 68 S.W.3d at 652–53. We overrule this portion of Ambrosia's sole issue.

In the remainder of his sole issue, Ambrosia argues that his due process rights were violated when Esparza identified him in court during trial. We conclude that Ambrosia forfeited this potential error on appeal because he did not object to Esparza's in-court identification.

The failure to complain or object in the trial court to in-court identifications forfeits any complaint regarding the in-court identifications on appeal. *See Ballah v. State*, No. 14–10–00460–CR, 2012 WL 19653, at *2 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, pet. ref'd) (mem. op., not designated for publication.) (citing *Perry v. State*, 703 S.W.2d 668, 670, 673 (Tex. Crim. App. 1986)). Because Ambrosia did not object to Esparza's in-court identification, we overrule the remainder of his sole issue.

## IV. CONCLUSION

Having overruled Ambrosia's sole issue on appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 18, 2014